UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WESLEY A. BALLUM,
        Plaintiff

        v.

BERNARD BRADY,
        Defendant.

C.A. No. 05-10874-MLW

MEMORANDUM AND ORDER

WOLF, D.J.

    On April 25, 2005, Petitioner Wesley Ballum, a prisoner at Old Colony Correctional Center, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, accompanied by a Motion for Appointment of Counsel (#2).

    Title 18 U.S.C. § 3006A(2)(B) authorizes the appointment of counsel for an indigent party in cases seeking relief under 28 U.S.C. §2241, §2254, or §2255. Funds for representation are payable as prescribed in Criminal Justice Act. Appointment of counsel may be provided if the Court determines the "interests of justice so require." 18 U.S.C. § 3006A(2)(B). The decision to appoint counsel is discretionary, and neither a civil litigant nor a habeas petitioner has a constitutional or statutory right to appointed counsel. Dellenbach v. Hanks, 76 F.3d 820, 823 (7th Cir. 1996), cert. denied, 519 U.S. 894 (1996); Jackson v. Coalter, 337 F.3d 74 (1st Cir. 2003)(state prisoner had no right to counsel to collaterally attack sentence). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. See DesRosiers v. Moran, 949 F. 2d 15, 23 (1st Cir. 1991). See also Manisy v. Maloney, 283 F. Supp. 2d 307, 317 (D. Mass. 2003)(Memorandum and Order on Report and Recommendation of Magistrate Judge Dein, adopted (on the denial of counsel issue) by Judge

Stearns by Memorandum and Order (#32) dated September 4, 2003 in C.A. 01-11849-RGS). In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. DesRosiers, 949 F. 2d at 23-24 (citations omitted).

Here, Ballum has paid the $5.00 filing fee for habeas petitions, and claims that he is indigent and unable to retain private counsel. He has not, however, provided this Court with any financial information sufficient to make a determination as to his indigency status, and therefore the motion is denied. Even assuming Petitioner qualified for *in forma pauperis* status as it relates to appointment of counsel, he has not yet demonstrated the kind of "exceptional circumstances" that warrant appointment of counsel under 18 U.S.C. § 3006A. The fact that Ballum is a prisoner and is unable to retain his own counsel, or that absent counsel, he may not be on a level playing field with the Defendant, is insufficient to justify appointment of counsel. If such assertions were deemed sufficient to provide a basis for appointment of counsel, then virtually every *pro se* habeas prisoner would qualify. Moreover, at this time the petition does not appear to present complex or novel issues of law or fact which would warrant appointment of counsel.

Accordingly, the motion for appointment of counsel is Denied without prejudice to renewing after the Respondents have responded to the petition, and upon a showing that exceptional circumstances exist to warrant the appointment of counsel.

Dated: June 24, 2005                    /s/ Mark L. Wolf
                                        MARK L. WOLF
                                        UNITED STATES DISTRICT JUDGE