UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WESLY A. BALLUM,<br>    Petitioner,<br><br>v.<br><br>BERNARD BRADY,<br>    Respondent. | Civil Action No. 05-10874-MLW |

## MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS

Petitioner Wesley Ballum is currently imprisoned for life after being convicted of multiple counts of indecent assault and battery of a child under fourteen, child rape, and assault and battery. He raises five challenges to his continued confinement: 1) that his right to a fair trial was violated by the trial judge and the prosecutor's general behavior at trial; 2) that the trial court erred in finding that Petitioner was a habitual offender; 3) that the trial court erred in receiving "fresh complaint" testimony"; 4) that the trial court committed reversible error in receiving certain expert testimony regarding child abuse from the Commonwealth's expert; and 5) that the trial court erred in denying Petitioner's motion to admit certain evidence about the victim's conduct (apparently relating to her sexual history). Petitioner failed to present grounds three and five of this petition to the Massachusetts Supreme Judicial Court and the petition is accordingly unexhausted and must be dismissed, pursuant to 28 U.S.C. § 2254(b)(1)(A).

### I. Prior Proceedings

The facts underlying the conviction are set forth in the briefs filed by the parties in the Appeals Court. *See* Commonwealth's Brief, Supplemental Appendix at Tab D, pp. 3-17

1

[hereinafter "Supp. App. at ___:___"].¹ In summary, during the winter of 1997, Petitioner lived next door to the victim, a thirteen-year-old girl, and her family. Supp. App. at D:4. Petitioner hired the victim to clean his house, and on several occasions when she was at his house, Petitioner fondled the victim's breasts and (on one occasion) kissed her. Supp. App. at D:4-5. Shortly thereafter, Petitioner was incarcerated for a year, during which he wrote many letters to the victim expressing romantic feelings for her. Supp. App. at D:5-7. Shortly after his release, Petitioner began visiting the victim at her mother's house and repeatedly made sexual advances towards her, including putting her hand on his penis, fondling and kissing her, trying to get the victim to have sexual intercourse with him, and having the victim perform oral sex on him. Supp. App. at D:7-9. Shortly thereafter, the victim told her mother of these incidents and her mother called the police. Supp. App. at D:9.

A Norfolk County Superior Court jury convicted Petitioner of: rape and abuse of a child, in violation of M.G.L. c. 265, § 23; three counts of indecent assault and battery, in violation of M.G.L. c. 265, § 13B, and one count of indecent assault and battery on a person over fourteen years of age, in violation of M.G.L. c. 265, § 13H. Supp. App. at D:1-2. Petitioner then waived his right to a jury trial as to the portions of the indictments charging him with being a habitual offender, in violation of M.G.L. c. 279, § 25, and the trial court found Petitioner guilty on that charge as well. Supp. App. at D:2. The court sentenced Petitioner to concurrent ten-year, eight-to-ten-year and eight-to-ten-year sentences of imprisonment on the indecent assault of a child

---

¹Since the Supplemental Appendix contains documents that identify the victim, and portions of the Appendix were impounded in the state courts, respondent has filed with this motion a motion to impound the Supplemental Appendix, pursuant to L.R. 7.2. Respondent will file the Supplemental Appendix when that motion is resolved.

convictions, to a concurrent four-to-five-year sentence on the indecent assault on a person over fourteen conviction, and to a consecutive term of life imprisonment on the child rape charge, to commence following the ten-year indecent assault sentence. Supp. App. at A:2-3.

Petitioner appealed to the Massachusetts Appeals Court, raising five issues: 1) that the trial judge displayed bias in his conduct towards defense counsel and the prosecutor, and the prosecutor committed misconduct in various forms; 2) that, with respect to the habitual offender indictment, the two predicate felonies were insufficiently distinct to support liability; 3) that the court erred in admitting fresh complaint evidence corroborating the victim's allegations; 4) that the trial court erred in admitting the expert testimony of the Commonwealth's expert as to common characteristics of sexually abused children; and 5) that the court erred in excluding evidence of the victim's purported sexual conduct. Supp. App. at F:1-2. The Appeals Court affirmed the convictions in all respects, *id*., and Petitioner sought further appellate review in the Massachusetts Supreme Judicial Court. In his application to the S.J.C., however, Petitioner raised only three of the five grounds he pursued in the Appeals Court: the bias/prosecutorial misconduct claim; the habitual offender insufficiency claim; and the expert testimony claim. Supp. App. at A:21. The S.J.C. denied the application without comment on July 21, 2004. Supp. App. at B.

## II. Complete Exhaustion of State Remedies as to all Federal Claims is a Mandatory Prerequisite to Habeas Corpus Relief.

Title 28 U.S.C. § 2254(b)(1)(A) expressly prohibits federal courts from entertaining habeas corpus petitions from prisoners who have failed to first pursue the remedies available to them in state court: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the

applicant has exhausted the remedies available in the courts of the State . . . ." As the Supreme Court has noted, this statute codifies the long-standing "principle controlling all habeas corpus petitions to the federal courts, that those courts will interfere with the administration of justice in state courts only in rare cases where exceptional circumstances of peculiar urgency are shown to exist." *Ex Parte Hawk*, 321 U.S. 114, 117 (1944) (internal citations omitted); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982) (§ 2254 codifies the exhaustion doctrine as described in *Hawk*). To promote this important interest in State sovereignty and to avoid the "unseemly" intervention of federal courts to correct errors that could be corrected if properly presented to State courts, the Supreme Court has insisted on a "rigorously enforced total exhaustion rule," one which requires not only that a particular claim be exhausted before relief can issue, but also that "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Id*. at 518-22.[2] In carrying out this "strict enforcement of the exhaustion requirement," *Rose*, 455 U.S. at 520, the First Circuit has held that a habeas corpus petitioner "bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of [his] federal claim."[3] *Adelson v. DiPaola*, 131 F.3d 259, 262 (1st Cir. 1997).

---

[2] Under the current version of § 2254, a district court may also deny such unexhausted petitions on the merits. 28 U.S.C. § 2254(b)(2).

[3] Presentation of the *federal* character of the claim is required since habeas corpus relief is available only to remedy violations of federal law, not claims made under state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); 28 U.S.C. §2254(a) (habeas corpus may be sought by state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.")

### III. Petitioner Failed to Completely Exhaust His Petition.

Since exhaustion of state court remedies with respect to a claim is only complete when that claim has been fairly presented to the state's highest court, *see O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); 28 U.S.C. § 2254(c), the relevant question under Massachusetts practice is whether petitioner has raised the question in his ALOFAR in the S.J.C. *Adelson*, 131 F.3d at 263. Petitioner presented neither Ground 3 nor Ground 5 of the instant petition to the S.J.C. Since two of Petitioner's five grounds for relief were not presented to the S.J.C., the petition is "mixed," and Petitioner may not obtain relief on the petition. *Rose v. Lundy*, 455 U.S. 509, 518-522 (1982).

### IV. A Stay is Inappropriate

As the Supreme Court has recently held, a mixed petition requires either dismissal or deletion of unexhausted claims, except in the limited circumstance that Petitioner can demonstrate good cause for failure to timely exhaust the claims in state court and likelihood of success on the merits. *Rhines v. Webber*, 125 S. Ct. 1528, 1535 (2005). Petitioner has suggested neither. Accordingly, Petitioner should be given the opportunity to delete his unexhausted claims from the petition and, if he fails to do so, the petition should be dismissed.

### Conclusion

Petitioner abandoned two of his appellate claims in the S.J.C. He may not revive them here unless and until he has presented them to that Court. For these reasons, respondent respectfully suggests that his motion to dismiss should be allowed and that this petition should be dismissed pursuant to 28 U.S.C. § 2254(b)(1)(A).

        Respectfully submitted,

        THOMAS F. REILLY
        ATTORNEY GENERAL


        /s/ David M. Lieber
        David M. Lieber (BBO# 653841)
        Assistant Attorney General
        Criminal Bureau
        One Ashburton Place
        Boston, Massachusetts  02108
        (617) 727-2200 ext.2827

        ATTORNEYS FOR RESPONDENT

Dated:  September 12, 2005